1
2
3
4
5
6
7 UNITED STATES BANKRUPTCY COURT
8 NORTHERN DISTRICT OF CALIFORNIA
9 In re
10 JOHN H. VELYVIS, No. 11-14565
11 Debtor(s).
_____/
12
AUGUST B. LANDIS, Acting U.S. Trustee,
13
14 Plaintiff(s),
15 v. A.P. No. 12-1124
16 JOHN H. VELYVIS,
17 Defendant(s).
_____/
18
DESERT ORTHOPEDIC CENTER,
19
20 Plaintiff(s),
21 v. A.P. No. 12-1080
22 JOHN H. VELYVIS,
23 Defendant(s).
_____/
24
25 Memorandum After Trial
_____
26

1

1   As this objection to the discharge of debtor John Velyvis played out before the court at trial, the
2   court spent quite a bit of time trying to discern his motives. Velyvis is an orthopedic surgeon with an
3   expertise in robotic surgery. All witnesses called by the plaintiffs described Velyvis as cooperative
4   and straightforward, yet plaintiffs accused him of intentionally trying to conceal a right to sue his
5   employer, St. Helena Hospital.

6   Velyvis had an employment contract with the Hospital which had several months to go when
7   Velyvis filed his Chapter 7 petition. The Hospital wanted to terminate the contract early, and Velyvis
8   knew this, but at the time of the filing there had been no breach and the hospital was current in its
9   payments. Velyvis had retained an employment attorney to represent him in asserting his right to
10  continued employment through the end of the contract.

11  The strategy for any competent debtor's counsel would have been clear. The existence of a
12  disagreement should be disclosed somewhere in Schedule B, but with a value of zero because no right
13  had yet accrued and, in any event, the Hospital was not obligated to accept services from anyone but
14  Velyvis so the bankruptcy trustee could almost certainly have no interest in the contract. Such a
15  strategy would have avoided the accusation that anything was being concealed and put Velyvis in a
16  very strong position to preserve his rights against the Hospital notwithstanding his bankruptcy.

17  The court had no plausible explanation for the failure to disclose the situation in the schedules
18  until plaintiffs called Velyvis' bankruptcy attorney to the stand. Despite having a decent reputation
19  and being paid a large fee, it quickly became apparent to the court that he had failed to adequately
20  counsel Velyvis. Most importantly, he had failed to meet personally with Velyvis to prepare the
21  schedules, leaving this to some sort of third-party questionnaire. This was the answer to why the
22  situation with the hospital was not addressed in the schedules even though it was in Velyvis' clear best
23  interests to do so.

24  As the court has repeatedly pointed out, the schedules are the most important responsibility of a
25  Chapter 7 debtor's counsel. They must be prepared in direct consultation with the client and may not
26  be delegated to a paralegal or secretary, let alone some sort of third party service. *In re Tran,* 427 B.R.

2

1    805, 809 (Bkrtcy.N.D.Cal. 2010), aff'd sub nom. *In re Nguyen,* 447 B.R. 268 (9th Cir. BAP 2011).
2    Once the court heard (from plaintiffs' witness) that Velyvis had been let down in this regard, it became
3    much more likely to the court that the nondisclosures argued by plaintiffs as grounds for denial of
4    Velyvis' discharge were caused by lack of counseling from his attorney rather than intentional
5    concealment.
6        Having heard all evidence plaintiffs wished to produce on the issue of intent, and finding no
7    convincing evidence of intentional concealment, the court granted Velyvis' motion for judgment. This
8    memorandum, along with the comments made by the court on the record at the conclusion of trial,
9    constitute the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052.

11   Dated: February 27, 2013

                                        _____
                                        Alan Jaroslovsky
                                        U.S. Bankruptcy Judge

3