UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN H. VELYVIS,  No. 11-14565

                 Debtor(s).
_____/

AUGUST B. LANDIS, Acting U.S. Trustee,

                 Plaintiff(s),

      v.  A.P. No. 12-1124

JOHN H. VELYVIS,

                 Defendant(s).
_____/

Memorandum On Motion for Attorneys' Fees
_____

     The original schedules filed by debtor John Velyvis were materially false. They omitted a bank checking account and a vehicle at least; many discharges have been lost for such or lesser omissions. The key issue in such cases is the intent of the debtor. Section 727(a)(2) provides that a debtor who conceals assets of the estate is not entitled to a discharge if he acted with intent to hinder, delay or defraud. Section 727(a)(4)(A) bars a debtor from discharge if he knowingly and fraudulently made a

1

false oath in connection with the case. The court's task in this adversary proceeding was to divine Velyvis' intent.

From the beginning, the court had difficulty determining Velyvis' intent. In addition to the car and the checking account, Velyvis had made no mention of a festering employment dispute which, at the time of his filing, had not erupted into a cognizable claim. Velyvis had been represented by seemingly competent counsel but had made no mention of the situation in his schedules, even though it appeared to the court that it would have been in his best interests to do so.[1] The court remained undecided as to Velyvis' motives until the U.S. Trustee called to the stand the attorney who had represented Velyvis when the bankruptcy was filed.

The attorney - not called as an adverse witness - testified to an incredibly sloppy method of preparing the schedules using some sort of third party internet service. The attorney knew about the checking account - Velyvis had paid him with a check from it - but apparently was seriously derelict in his responsibilities under § 707(b)(4)(D) to insure that the information contained in the schedules was correct.[2] Accordingly to Velyvis, the attorney had not counseled him that property in his wife's possession, including the vehicle, needed to be scheduled. The court found it more likely than not, based on this testimony, that the false schedules were the result of poor lawyering and not fraudulent intent. It dismissed the case upon Velyvis' motion after the U.S. Trustee's case was concluded.

Velyvis has now moved for attorneys' fees pursuant to 28 U.S.C. § 2412(d)(1)(A), which provides that the court shall award to a prevailing party against the United States in a civil action unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[1] The court disagrees with Velyvis' current counsel that the bankruptcy had the effect of terminating the employment contract as a matter of law. However, that issue is not before the court.

[2] It is of course possible that the attorney was "taking one for the team" by testifying that his methods were sloppy. All the court can say for certain is that it believed him, and that he was called by the U.S. Trustee, not Velyvis.

2

The court has no difficulty finding the position of the United States was substantially justified. Velyvis had in fact signed and filed false schedules. The court's finding that the schedules were false due to the dereliction of Velyvis' counsel, whom Velyvis had selected, in no way excuses Velyvis' conduct. It means only that Velyvis is entitled to a discharge, not that the court must declare him a victim and award him with reimbursement of fees incurred due to the fecklessness of his own counsel.

Debtors rarely confess the intent necessary for the court to deny a discharge; the court must infer intent from all the facts and circumstances. The U.S. Trustee had no way of knowing if the court was going to infer fraudulent intent up until the time the court made comments on the record at the conclusion of Velyvis' former counsel's testimony. While the U.S. Trustee might have reasonably punted at that point, his case was essentially over and there were no additional fees of any significance incurred because he left it to the court to dismiss the case rather than conceding at that point.

The term "substantially justified" means justified to a degree that could satisfy a reasonable person and having a reasonable basis both in law and in fact. *Pierce v. Underwood,* 487 U.S. 552, 565, 101 L.Ed.2d 490 (1988). A loss on the merits does not itself render the Government's position not substantially justified. *United States Securities and Exchange Comm. v. Zahareas*, 374 F.3d 624, 626 (8th Cir.2004).

The undisputed fact in this case was that the schedules were false. The law provides that a debtor be denied a discharge if he filed false schedules with fraudulent intent. The case was justified by both the facts and the law. The U.S. government is not required to pay the attorneys' fees of a debtor who filed false schedules merely because the court declined to find fraudulent intent. Where a complaint against a debtor is based on fraud, the fact that each element of the case had some plausibility requires a finding that the plaintiff was substantially justified in pursuing the claim. *In re Melcher,* 322 B.R. 1, 8 (Bkrtcy.D.C. 2005).

In this case, an obviously intelligent debtor had filed clearly false schedules. No reasonable person, and certainly not the court, would think the U.S. Trustee unjustified in objecting to such a debtor's discharge. Even after the weaknesses in the case became apparent, the U.S. Trustee was not

3
Case: 12-01124    Doc# 44    Filed: 04/25/13    Entered: 04/25/13 17:26:36    Page 3 of 4

obliged to dismiss the case unless there was no way the court could infer the requisite intent. Not only was that not the case, but Velyvis' discharge was in real jeopardy. The U.S. Trustee has established that his actions were substantially justified.

For the foregoing reasons, Velyvis' motion for attorneys' fees will be denied. Counsel for the U.S. Trustee shall submit an appropriate form of order.

Dated: April 25, 2013

_____
Alan Jaroslovsky
Chief Bankruptcy Judge